**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Derrick H. Aldridge, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-CV-239 |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of February 2, 2015 (Doc. No. 10) and Plaintiff Derrick H. Aldridge's objections to the Report and Recommendation (Doc. No. 11).  In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff's impairment does not meet Listing 1.04A for disorders of the spine was supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be affirmed.  In his objections, Plaintiff contends that both the ALJ and Judge Bowman ignored substantial evidence that he suffers from nerve root compression and therefore, satisfies the listed impairment.  The Court agrees. Accordingly, Plaintiff's objections to the Report and Recommendation are well-taken and **SUSTAINED**.  The Court does not adopt the Report and Recommendation.  The decision of the ALJ is **REVERSED**.  This case is **REMANDED** to the Commissioner for further proceedings consistent with this order.

I. Background

If the claimant meets all the requirements of a listed impairment, the Social Security regulations direct a finding that the claimant is disabled. Listenbee v. Secretary of Health & Human Serv., 846 F.2d 345, 350 (6th Cir. 1988); 20 C.F.R. § 404.1520(d). The issue presented by Plaintiff's objections is whether the ALJ's determination that his back impairment does not meet Listing 1.04A for disorders of the spine is supported by substantial evidence.

Listing 1.04A states:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Subpt. P. Appx. 1, Listing 1.04A. In addressing whether Plaintiff met the requirements of Listing 1.04A at the third step of the sequential disability analysis, the ALJ wrote "[A]lthough the early MRI reports show some nerve root contact, there was no evidence of nerve root compression." Tr. 13 (emphasis added). The ALJ proceeded immediately to consider whether Plaintiff's impairment satisfied other listings. Ultimately, the ALJ proceeded to the final step and concluded that Plaintiff is not disabled under the Social Security regulations because there are a significant number of jobs in the national economy he can perform with the residual functional capacity she developed. Tr. 22-23.

2

The Appeals Council declined to review the ALJ's decision and Plaintiff filed a timely complaint for judicial review of that decision.

Plaintiff's first assignment of error alleged that the ALJ's determination that he failed to satisfy Listing 1.04A was not supported by substantial evidence. He pointed to evidence in the record showing nerve root compression, radicular pain, i.e., neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, and positive straight-leg raising tests. The Commissioner argued, however, and Magistrate Judge Bowman agreed, that the ALJ's decision was supportable because Plaintiff had not shown the type of nerve root compression contemplated by Listing 1.04A. According to the Commissioner and Judge Bowman, in order to satisfy Listing 1.04A, Plaintiff was required to prove nerve root compression of either the cauda equina[1] or the spinal cord. Doc. No. 11, at 8-9. Since, according to Judge Bowman, Plaintiff had not shown compression of either the cauda equina or the spinal cord, he did not meet Listing 1.04A. Id.

Accordingly, Judge Bowman recommended that the ALJ's decision be affirmed. Plaintiff filed timely objections to the Report and Recommendation which are ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only

---

[1]The cauda equina is "[a] bundle of spinal nerve roots that arise from the end of the spinal cord. The cauda equina comprises the roots of all the spinal nerves below the first lumbar (L1) vertebra in the lower back." See Definition of Cauda Equina, available at http://www.medicinenet.com/script/main/art.asp?articlekey=7239 (visited Feb. 26, 2015).

whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

The ALJ's determination that the medical records do not show evidence of nerve root compression is erroneous. In February 2007, Plaintiff underwent an L5-S1 disc fusion which included nerve decompression. Tr. 487-488. The procedure apparently provided some immediate relief from the radicular pain Plaintiff had been experiencing, Tr. 541, but by August 2007, he was still complaining of pain, numbness, and tingling in his right leg. Tr. 503; see also Tr. 534. Dr. Dixon, Plaintiff's treating surgeon, suspected that the pain Plaintiff was experiencing might be nerve irritation caused by loose hardware. Tr. 499, 534. In March 2009, Plaintiff underwent hardware removal and exploratory surgery. Part of this procedure included foraminotomies, i.e., nerve decompression, of the L5 and S1 nerve

roots. Tr. 475. Dr. Dixon noted that the foraminotomies "showed excellent decompression." Id. Plaintiff, nevertheless, continued to experience radiating pain after this surgery. Tr. 708, 710. These records suggest, but do not specifically state, that Plaintiff's continuing radicular pain results from annular disc bulging at L4-L5. See id.

As can be seen, the ALJ's statement that the record does not show that Plaintiff experienced nerve root compression is clearly erroneous. Plaintiff, in fact, had two surgeries involving nerve root decompression at L5-S1. Moreover, additional evidence suggests that a bulging disc at L4-L5 is producing radicular pain due to nerve root compression. Consequently, the ALJ's determination that Plaintiff does not meet Listing 1.04A because he did not experience nerve root compression is contrary to the record, and, hence, not supported by substantial evidence.

Additionally, Magistrate Judge Bowman's interpretation of Listing 1.04A is erroneous. Judge Bowman apparently interpreted Listing 1.04A to require the claimant to prove either nerve root compression of the cauda equina or compression of the spinal cord and that compression of other nerve roots does not satisfy the Listing. See Doc. No. 10, at 8 (stating that "Plaintiff has not identified any evidence to show that he has this type of nerve root compression (i.e., of the cauda equina or spinal cord."). Listing 1.04A is not so restrictive, however. The plain language of the regulation encompasses any nerve root compression, including but not limited to the cauda equina. 20 C.F.R. Subpt. P. Appx. 1, Listing 1.04 (disorders of the spine "resulting in compromise of a nerve root") (emphasis added). Indeed, the Court has not found any case which limits the application of Listing 1.04 to just the cauda equina and the spinal cord. See, e.g., Bailey v. Commissioner of Social Sec., 413 Fed. Appx. 853, 854 (6th Cir. 2011)("[T]o establish a disorder of the spine,

Bailey must show either nerve-root or spinal-cord compression."); Smith v. Colvin, No. 12–CV–5573, 2013 WL 4519782, at *22 (E.D.N.Y. Aug. 26, 2013) (finding that the claimant met Listing 1.04A by showing compression at the L3, L4, and L5 nerve roots); Wagner v. Astrue, No. C09–3074–MWB, 2011 WL 1230330, at *13-*14 (N.D. Iowa Mar. 30, 2011) (finding that the claimant satisfied Listing 1.04A by showing nerve root compression at L5-S1). In other words, as applied to this case, nerve root compression at L5-S1 would satisfy the Listing's requirement to show "compromise of a nerve root."

## Conclusion

In conclusion, for the reasons stated above, the ALJ's determination that Plaintiff does not meet the requirements of Listing 1.04A because there is no evidence of nerve root compression is clearly erroneous. Consequently, the ALJ's decision finding that Plaintiff is not disabled under the Social Security regulations is not supported by substantial evidence. Accordingly, the ALJ's decision is **REVERSED**.

The appropriate remedy is to remand this case to the Commissioner for a thorough evaluation of whether Plaintiff has shown that he meets all of the requirements of Listing 1.04A. Bingaman v. Commissioner of Social Sec., 186 Fed. Appx. 642, 644 (6th Cir. 2006) (the claimant bears the burden to show that he meets or equals a listed impairment). Plaintiff has pointed to evidence in the record showing, in addition to nerve root compromise, radiculopathy, limitation in spinal motion, motor loss, and positive straight-leg raising tests. This evidence may be sufficient, if Plaintiff otherwise satisfies the duration requirement, to establish disability under Listing 1.04A. See Radford v. Colvin, 734 F.3d 288, 293 (4th Cir. 2013). It will be up the ALJ, however, to make that determination.

Accordingly, this case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date March   , 2015                                     s/Sandra S. Beckwith
                                                        Sandra S. Beckwith
                                                        Senior United States District Judge